THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT v.
RICHARD JAMES FINLEY, DEFENDANT, AND INLAND
BONDING COMPANY, APELLANT.

No. 12652.
Submitted March 22, 1974.
Decided April 18, 1974.
521 P.2d 198.

Donald R. Matthews, argued, Missoula, for appellant.

Robert L. Woodahl, Atty. Gen., Thomas J. Beers, Asst. Atty.
Gen., argued, Helena, Richard P. Heinz, City Atty., argued,
Polson, for respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by a bonding company from an order of the district court of Lake County, refusing to vacate a bail bond forfeiture.

Richard Finley, defendant in this action, plead guilty to a charge of first degree assault. He was released when his surety, Inland Bonding Company, posted their $2,500 bail bond. He was ordered to appear in court on March 14, 1973, for sentencing.

On March 14, 1973, defendant did not appear for sentencing and the district court ordered the bail bond forfeited. Subesquently, defendant was arrested on a bench warrant July 25, 1973, taken to Polson, Montana, sentenced, and is now in the State Prison.

On August 14, 1973, the bonding company filed a motion to vacate the order of the district court forfeiting bail. The motion was denied. From this denial, this appeal is brought.

Two issues are presented for review:

(1) Does the district court lose jurisdiction over bail bonds thirty days after forfeiture?

(2) Did the district abuse its discretion in denying the bonding company's motion to vacate the prior forfeiture order?

The questions presented for review are essentially questions of statutory interpretation. The applicable section of the Montana Criminal Procedure Act is section 95-1116, R.C.M.1947. That section provides for the conditions of bail and forfeiture when the conditions are not performed as follows:

"(a) When the conditions of bail have been performed and the accused has been discharged from his obligations in the cause, the court shall return to him or his sureties the deposit of any cash, stocks or bonds. If the bail is real estate, the court shall notify, in writing, the county clerk and recorder and the lien of the bail bond on the real estate shall be discharged. If the bail is a written undertaking or a commercial surety bond, it shall be discharged and the sureties exonerated.

"(b) If the accused does not comply with the conditions of the bail bond, the court having jurisdiction shall enter an order declaring the bail to be forfeited.

"If such forfeiture is declared by a district court, notice of such order of forfeiture shall be mailed forthwith by the clerk of the court to the accused and his sureties at their last known address.

"(c) *If at any time within thirty (30) days after the forfeiture the defendant or his bail appear and satisfactorily excuse his negligence or failure to comply with the conditions of the bail, the court, in its discretion, may direct the forfeiture of the bail be discharged upon such terms as may be just.*

"*If such forfeiture is declared by a district court and if the forfeiture is not discharged as provided in this section, the court shall enter judgment for the state against the accused and his sureties for the amount of the bail and costs of the proceedings.*" (Emphasis added.)

It is a general rule of statutory construction that the function of the court is to interpret the intention of the legislature, if at all possible, from the plain meaning of the words used; the court is not at liberty to add or detract language from the statute in question. Sections 93-401-15, 93-401-16, R.C.M. 1947; Nice v. State Board of Equalization, 161 Mont. 448, 507 P.2d 527.

The language of section 95-116, R.C.M.1947, clearly indicates that the defendant or his bail (surety) must appear within thirty (30) days after forfeiture and satisfactorily excuse his negligence or failure to comply with the conditions of the bail in order to be granted a discharge of forfeiture. If so done within thirty days, the district court, in its discretion, "may" direct the forfeiture of the bail to be discharged. The statute is equally clear, however, by the use of the word "shall" in the last sentence of the section, to require the court to enter judgment against the accused and his sureties for the amount

of the bail and costs of the proceedings if the forfeiture is not discharged within the thirty day limit.

On March 14, 1973, the district court ordered the bond forfeited when the defendant did not appear. Four and one-half months later defendant appeared in court under a bench warrant for his arrest. On August 14, 1973, the bonding company filed a motion to vacate the previous order forfeiting bail on the defendant—four months too late.

■ ■ The authority of the district court to discharge the forfeiture of bail ceases upon expiration of the thirty day statutory limitation period. If there is a satisfactory excuse for the absence of the defendant, thirty days is sufficient time for the surety to discover the excuse. A longer period would only prolong the cause and unduly burden the court. It is clear from the plain meaning of the words used that the legislature intended that a defendant be foreclosed from raising an excuse after the thirty day statute of limitations has expired.

Since the district court had no jurisdiction to vacate the order of forfeiture after the thirty days, the second issue becomes irrelevant.

For these reasons, the order of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DALY, CASTLES and JOHN C. HARRISON, concur.